IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CAROL WOJCIECHOWICZ, et al.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL NO. 04-1846 (RLA)
CIVIL NO. 04-1856 (RLA)
CIVIL NO. 04-2342 (RLA)

**THIS DOCUMENT RELATES TO:
CIV. NO. 04-1856 (RLA)**

## ORDER IN THE MATTER OF FTCA ADMINISTRATIVE CLAIM

Defendant, the United States of America, has moved the court to dismiss certain claims asserted by some of the plaintiffs in these proceedings arguing that no administrative claim was filed on their behalf as mandated by the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a).

## BACKGROUND

These consolidated cases[1] arise out of an aircraft crash that occurred on January 5, 2002 in the vicinity of the peak of El Yunque, Puerto Rico. The aircraft was owned by Alexander Leasing, LLC and flown by decedent Alexander Wojciechowicz. In addition to the pilot, four passengers were also killed in the accident. These were: (1) Katherine Wojciechowicz Angrick (pilot's daughter), (2) Mark R.

---

[1] *See*, Carol Wojciechowicz v. United States of America, Civ. No. 04-1846 (RLA) (contribution claims) and U.S. Specialty Ins. Co. v. United States of America, Civ. No. 04-2342 (RLA) (aircraft insurer indemnity claim).

**CIVIL NO. 04-1846 (RLA)**  **Page 2**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

Angrick (Katherine's husband), (3) Heath (Katherine's son), and Lois Angrick (Mark's mother).

On or about January 5, 2004, Carol Wojciechowicz, the pilot's widow, individually and as Executrix of the Estate of Alexander Wojciechowicz, filed a Standard Form 95 ("SF-95") Claim for Damage, Injury, or Death with the FAA. The claim sought both economic and non-economic damages, including loss to the estate, funeral and burial expenses and loss of care, comfort and companionship for the "[w]rongful death of Alexander Wojciechowicz."

On or about January 5, 2004, Michael T. Wojciechowicz, individually and as Executor of the Estate of Katherine Wojciechowicz Angrick, filed a SF-95, claim for Damage, Injury, or Death with the FAA. The claim described the damages being sought as "[w]rongful death damages for the death of Katherine Wojciechowicz Angrick" including "all appropriate wrongful death damages including, but not limited to funeral and burial expenses, loss to the estate, loss of care, guidance and companionship."

Subsequently, Carol Wojciechowicz, as well as her two surviving children, Michael and Susan, instituted these proceedings seeking damages for the deaths of Alexander and Katherine Wojciechowicz.

### Subject Matter Jurisdiction

The court's authority to entertain a particular controversy is commonly referred to as subject matter jurisdiction. "In the absence of jurisdiction, a court is powerless to act.") Am. Fiber &

Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 138 (1st Cir. 2004).

Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). *See also*, Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir. 2001) ("Federal courts, being courts of limited jurisdiction, have an affirmative obligation to examine jurisdictional concerns on their own initiative.")

Further, subject matter jurisdiction is not waivable or forfeited. Rather, it involves a court's power to hear a case, it may be raised at any time. Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). "The objection that a federal court lacks subject-matter jurisdiction... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., ___ U.S. ___, 126 S.Ct. 1235, 1240, 163 L.Ed.2d 1097 (2006).

The proper vehicle for challenging the court's subject matter jurisdiction is Rule 12(b)(1) whereas challenges to the sufficiency of the complaint are examined under the strictures of Rule 12(b)(6). In disposing of motions to dismiss for lack of subject matter

**CIVIL NO. 04-1846 (RLA)**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**                                                                **Page 4**

jurisdiction the court is not constrained to the allegations in the pleadings as with Rule 12(b)(6) petitions. Rather, the court may review extra-pleading material without transforming the petition into a summary judgment vehicle. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

### FTCA - Exhaustion of Administrative Remedies

The United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued. *See*, United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); Bolduc v. United States, 402 F.3d 50, 55 (1st Cir. 2005) (United States immune except to extent it waives its immunity); Dynamic Image Tech., Inc. v. United States, 221 F.3d 24, 39 (1st Cir. 2000) ("As a sovereign nation, the United States is immune from liability except to the extent that it consents to suit."); Day v. Massachusetts Air Nat'l Guard, 167 F.3d 678, 681 (1st Cir. 1999) ("[a]s sovereign, the United States may not be sued for damages without its consent.") Limitations to the sovereign immunity of the United States such as the FTCA must be strictly construed and are not subject to waiver. Patterson v. United States, 451 F.3d 268, 270 (1st Cir. 2006); Dynamic Image Tech., 221 F.3d at 39.

**CIVIL NO. 04-1846 (RLA)**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**                                                      **Page 5**

---

The FTCA waives the sovereign immunity of the United States "in the same manner and to the same extent as a private individual under like circumstances." *See*, Sosa v. Alvarez-Machain, 542 U.S. 692, 700, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2005) (FTCA designed to remove immunity from torts similar to private individuals); Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004) ("[FTCA] provides a limited congressional waiver of the sovereign immunity of the Untied States for torts committed by federal employees acting within the scope of their employment [similar to private parties in similar circumstances]"); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) ("FTCA waives the sovereign immunity of the United States with respect to tort claims").

The waiver of sovereign immunity under the FTCA is also limited by a requirement that those seeking relief present their claim to the pertinent federal dependency prior to seeking judicial relief. *Id*. Specifically, 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for... injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of this office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency". *See also*, 28 U.S.C. § 2401(b) which, in pertinent part reads: "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within

**CIVIL NO. 04-1846 (RLA)**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**                                              **Page 6**

two years after such claim accrues". "Congress has taken pains to establish an administrative framework that claimants must follow before they can sue under the FTCA. One important component of this framework is the notice-of-claim provision." Dynamic Image Tech., 221 F.3d at 39.

The notice requirement seeks to allow the government to inquire into the conduct at issue while at the same time assess its economic exposure. "The purpose of requiring exhaustion of administrative remedies is to avoid litigation where a claim can be resolved administratively. Exhaustion of administrative remedies is aimed at reducing court congestion and avoiding unnecessary litigation, while expediting the fair settlement of tort claims asserted against the government." 3 Lester S. Jayson and Robert C. Longstreth, Handling Federal Tort Claims § 17.01 p. 17-12 (LexisNexis Matthew Bender rel. 42-3/99). *See also*, S. Rep. No. 1327, 89th Cong., 2d Sess. 6 (1966).

The Court of Appeals for the First Circuit "approaches the notice requirement leniently." Santiago Ramirez v. Sec'y of Dept' of Def., 984 F.2d 16, 19 (1st Cir. 1993). "[T]he express jurisdictional prerequisites of § 2675(a) are fully satisfied as long as the claimant states a claim of government wrongdoing and defines its damages in a sum certain." Patterson, 451 F.3d at 272. "This court has refused to interpret the notice-of-claim requirements woodenly. We have attempted instead to achieve a balance, recognizing that persons wishing to hold the federal sovereign liable in tort must

**CIVIL NO. 04-1846 (RLA)**  
**CIVIL NO. 04-1856 (RLA)**  
**CIVIL NO. 04-2342 (RLA)**  **Page 7**

satisfy the strictures of the law, but also recognizing that Congress did not intend to shield the federal fisc behind an impenetrable thicket of lawyerly technicalities." <u>Dynamic Image Tech.</u>, 221 F.3d at 40.

"The test is an eminently pragmatic one: as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement." *Id.*

In sum, the administrative claim mechanism requires enough information regarding the identity of the persons seeking relief, the underlying grounds therefore and the sums demanded, to allow for a meaningful investigation of the facts and an assessment of potential liability. "Because the purpose of § 2675 is to inform the relevant agency of the circumstances of the accident so that it may investigate the claim and fairly respond by settlement or by defense, the notice requirement is met if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." <u>Marricone v. United States</u>, 697 F.Supp. 874, 876 (E.D.Pa. 1988) (citation and internal quotation marks omitted).

"[T]he relevant criteria for a correct administrative claim [is] whether the agency was fully aware of who were the individuals actually pursuing the claim *and* the nature of the total claim."

**CIVIL NO. 04-1846 (RLA)**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)** **Page 8**

---

Adames-Mendez v. United States, 652 F.Supp. 356, 358 (D.P.R. 1987) (italics in original). *See*, Frantz v. United States, 791 F.Supp. 445, 451 (D.De. 1992) (need to provide notice of who is claiming and for what injury).

Adequate notice also requires that the allegations at the agency level and the subsequent complaint "jibe". Dynamic Image Tech., 221 F.3d at 41. *See*, Tentadue v. United States, 397 F.3d 840, 853 (10th Cir. 2005) (Notice provision requires "notice of the facts and circumstances underlying a claim rather than the exact grounds upon which plaintiff seeks to hold the government liable."); Dynamic Image Tech., 221 F.3d at 40 "claim did not contain so much as a hint about the alleged arrest or the incident that spawned it. To that extent, then, the amended complaint exceeded the scope of the administrative claim."

### Standing

The Government argues that, in accordance with the Puerto Rico legal provisions, the adult plaintiffs in this case who were not specifically identified in the administrative claims nor filed independent claims may not pursue judicial relief.

Our role at this juncture is to determine whether the SF-95 Form filed by Carol Wojciechowicz individually and as Executrix of the Estate of Alexander Wojciechowicz satisfies the notice requirement of the FTCA for the individual claims of his adult children, Michael and Susan. Similarly, whether the SF-95 Form submitted by Michael

**CIVIL NO. 04-1846 (RLA)**  
**CIVIL NO. 04-1856 (RLA)**  
**CIVIL NO. 04-2342 (RLA)**  
**Page 9**

Wojciechowicz individually, and as Executor of the Estate of Katherine Wojciechowicz Angrick, provided sufficient notice to the Government on behalf of the decedent's mother and surviving sister.

The pertinent FTCA regulations provide that claims "based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State Law." 28 C.F.R. § 14.3(c).

"Liability under the Federal Tort Claims Act is determined in accordance with the law of the place where the act or omission occurred." Scanlon v. Dep't of the Army, 277 F.3d 598, 600 (1st Cir. 2002). *See, i.e.*, Santoni, 369 F.3d at 603 ("Because the alleged tortious conduct took place in Maine, we look to Maine tort law in determining the defendant's liability under the FTCA.") Thus, the substantive law of the place of the accident is used for ascertaining the authority to bring suit on behalf of others. Wozniak v. United States, 701 F.Supp. 259 (D.Mass. 1988).

Even though the United States argues that "the standing of the representatives of the estates is not at issue here [but rather]... whether the court can exercise subject matter jurisdiction over wrongful death claims brought in this case by family members, when these family members were not identified in the administrative claims presented to the FAA, and the family members did not file individual

**CIVIL NO. 04-1846 (RLA)**  **Page 10**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

claims"[2] we find that, in this case, these two issues are inextricably intertwined. Notice cannot be examined in a vacuum. It is necessarily connected to the law which gives rise to the cause of action being asserted. The scope of the representation capacity of a plaintiff as well as the nature of the damages which may be collected thereby and on whose behalf will be determined by the state's applicable law. Hence, the adequacy of the notice may vary depending on which law is used to examine the scope of the representation, i.e., standing.

Thus, a claimant filing a SF-95 on behalf of others as authorized by local law may be, by that fact, providing notice of the claims of those individuals he is representing.

In this regard, applying the law where the wrongful death occurred, courts have determined that in particular circumstances the claims asserted by an estate's executor and/or representative constitute sufficient FTCA notice on behalf of others not identified by name in the claim. In Hiatt v. United States, 910 F.2d 737, 741 (11th Cir. 1990), a case involving a claim for wrongful death submitted by the estate's representative, the court found that, pursuant to the Florida Wrongful Death Act, the claim was deemed to provide adequate notice of a minor son's cause of action even though he was not named in the administrative claim. The court reasoned that

---

[2] Reply (docket No. 29) p. 2.

**CIVIL NO. 04-1846 (RLA)**  **Page 11**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

"[i]n [the widow's] administrative claim it was clear that [the widow] was acting as the personal representative of [the estate], and thus, the government had notice that damages would be sought for all beneficiaries of the estate."

Similarly, in <u>Starr v. United States</u>, 262 F.Supp.2d 605 (D.Md. 2003) the court ruled that even though only the name of decedent's mother appeared in the SF-95, the fact that the claim specified it was for "wrongful death" - only available to the parents of the deceased under Maryland law - and that the cover letter accompanying the SF-95 named both parents individually and the mother as Personal Representative of the Estate proved sufficient notice to the wrongful and survivorship claims for both parents. *See also*, <u>Transco Leasing Corp. v. United States</u>, 896 F.2d 1435 (5th Cir. 1990) (administrative claim filed by executor in accordance with Texas Wrongful Death Act complied with notice requirement as to decedent's widow and daughter even though they were not specifically identified in claim); <u>Sullivan v. United States</u>, 777 F.Supp. 695, 698-9 (N.D.Ind. 1991) (in accordance with Indiana law, administrative claim for wrongful death filed by widow as Personal Representative of the estate satisfied the § 2675(a) requirement of two minor children even though they were not named in the claim); <u>Marricone</u>, (applying Kentucky law, court held that failure of personal representative of the estate to identify decedent's two illegitimate minor children did not bar FTCA relief).

**CIVIL NO. 04-1846 (RLA)** **Page 12**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

In Puerto Rico, an estate is not a juridical person and as such does not have the legal capacity to prosecute a wrongful death claim. Except for minors - who may be represented by a parent - each particular member of the estate must individually provide notice of his/her claim. "[U]nder Puerto Rico inheritance law a succession or a decedent's estate is not an entity distinct and separate from the persons composing it. Put another way, the succession does not have existence by itself as a juridical person or entity on behalf of which a lawsuit can be brought." Arias-Rosado v. Gonzalez Tirado, 111 F.Supp.2d 96, 98-9 (D.P.R. 2000). "Under Puerto Rican law a succession by itself does not have capacity to sue or to be sued and has no existence as a juridical person. If a succession intends to sue or is to be sued, the names of the persons composing the name must be expressed individually and in detail. In other words, although a succession may be a party plaintiff, the names of the persons who compose it must be alleged." Santos v. United States, 525 F.Supp. 982, 984 (D.P.R. 1981) (internal citations omitted).

Cases arising from this jurisdiction have found that the failure to file individual FTCA claims is fatal unless notice is otherwise provided to the government. For instance, in Del Valle Rivera v. United States, 626 F.Supp. 347, 349 (D.P.R. 1986) even though the claim was filed on behalf of the estate of the deceased, the agency was subsequently informed of the names of the individual heirs and thereby complied with the jurisdictional notice requirement. In

**CIVIL NO. 04-1846 (RLA)**  **Page 13**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

Santos, even though decedent appeared as the only claimant the court ruled that sufficient notice had been provided regarding the claims of both the widow and the minor children although not the adult children. The court noted that the agency was aware that the claim was being pursued by the widow who, as mother of the minor children, could also represent their interests. However, the adult children were required to file their individual claims and could not benefit from her efforts.

In sum, based on the foregoing, it is axiomatic that in Puerto Rico the relief awarded by the court in wrongful death cases does not enure to the benefit of the estate. Rather, each person affected thereby must independently seek compensation for his/her own damages which includes providing individual notice under § 2675(a).

In the case before us, the two administrative claims were submitted by the executors of the respective estates both individually and as representatives of each of the estates. Pursuant to Puerto Rico law, the fact that Carol and Michael Wojciechowicz were acting on behalf of the estates does not necessary translate into notice of the individual claims of the members of the two estates.

We find, however, the evidence presented to the FAA by plaintiffs herein sufficient to alert the government as to the identity of decedent's survivors, i.e., members of each of the estates. The claims for the two estates were filed the same day

**CIVIL NO. 04-1846 (RLA)**                                          **Page 14**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

through the same counsel, all bore the same last name and the FAA denied all the claims via a single letter.[3] Further, the government had available a mechanism to further explore the identity of the members of the estate in case of doubt.[4] It must also be noted that the monetary demand in each of the complaints filed does not surpass the sums sought in the notices submitted at the agency level.

    The essential issue here is adequate notification to the sovereign, the defendant herein. As previously noted, this Circuit has made it plain that it "approaches the notice requirement leniently." Santiago Ramirez, 984 F.2d at 19. It has also held that "persons wishing to hold the federal sovereign liable in tort must satisfy the strictures of the law, but also recognizing that Congress did not intend to shield the federal fisc behind an impenetrable thicket of lawyerly technicalities." Dynamic Image Tech., 221 F.3d at 40. I would add with respect to the matter of the notification requirement that it is unbecoming for the sovereign to "play dumb".

---

[3] In the case of the claim of Carol Wojciechowicz for the wrongful death of her daughter, the funeral bill was issued to her name, the letter authorizing her counsel to file suit also made reference to potential claims for the deaths of Katherine and her son. Similarly, with respect to Michael's claim for the wrongful death of his father, plaintiffs submitted an amendment to the Operating Agreement of Alexander Leasing, L.L.C. appointing the widow as general manager of the company was executed by Michael Wojciechowicz, a/k/a Tim Wojciechowicz as further evidence of their position.

[4] See, 28 C.F.R. § 14.4(a)(3) which provides that "[i]n support of a claim based on death, the claimant may be required to submit the [f]ull names... of the decedent's survivors...."

**CIVIL NO. 04-1846 (RLA)** **Page 15**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

Based on the foregoing, the Motion of Defendant United States of America to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction (docket No. **22**) is **DENIED**.[5]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of February, 2007.

                                      S/Raymond L. Acosta
                                      RAYMOND L. ACOSTA
                                United States District Judge

---

[5] See, Opposition (docket No. **27**) and Reply (docket No. **29**).