IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CAROL WOJCIECHOWICZ, et al.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL NO. 04-1846 (RLA)
CIVIL NO. 04-1856 (RLA)
CIVIL NO. 04-2342 (RLA)

**THIS DOCUMENT RELATES TO:
CIV. NO. 04-1846 (RLA)**

## ORDER IN THE MATTER OF CHOICE OF LAW REGARDING CONTRIBUTION CLAIM

Defendant, the United States of America, has moved the court to dismiss the contribution claim asserted in this action by plaintiffs, Carol Wojciechowicz as Executrix of the Estate of Alexander Wojciechowicz and Alexander Leasing, LLC (collectively identified as "plaintiffs"). Specifically, movants contend that we lack subject matter jurisdiction because the relief being sought herein is not available to plaintiffs under either Puerto Rico or New Jersey law.

The court's authority to entertain a particular controversy is commonly referred to as subject matter jurisdiction. "In the absence of jurisdiction, a court is powerless to act.") Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 138 (1st Cir. 2004).

Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter

**CIVIL NO. 04-1846 (RLA)**  **Page 2**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). *See also*, Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir. 2001) ("Federal courts, being courts of limited jurisdiction, have an affirmative obligation to examine jurisdictional concerns on their own initiative.")

Further, subject matter jurisdiction is not waivable or forfeited. Rather, it involves a court's power to hear a case, it may be raised at any time. Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). "The objection that a federal court lacks subject-matter jurisdiction... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., ___ U.S. ___, 126 S.Ct. 1235, 1240, 163 L.Ed.2d 1097 (2006).

The proper vehicle for challenging the court's subject matter jurisdiction is Rule 12(b)(1) whereas challenges to the sufficiency of the complaint are examined under the strictures of Rule 12(b)(6). In disposing of motions to dismiss for lack of subject matter jurisdiction the court is not constrained to the allegations in the pleadings as with Rule 12(b)(6) petitions. Rather, the court may review extra-pleading material without transforming the petition into a summary judgment vehicle. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

**CIVIL NO. 04-1846 (RLA)**  **Page 3**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

## BACKGROUND

These consolidated cases[1] arise out of an aircraft crash that occurred on January 5, 2002 in the vicinity of the peak of El Yunque, Puerto Rico. The aircraft was owned by Alexander Leasing, LLC and flown by decedent Alexander Wojciechowicz. In addition to the pilot, four passengers were also killed in the accident. These were: (1) Katherine Wojciechowicz Angrick (pilot's daughter), (2) Mark R. Angrick (Katherine's husband), (3) Heath (Katherine's son), and Lois Angrick (Mark's mother).

Two separate wrongful death and survival damages suits were jointly filed in New Jersey by the respective executors of the estates of Mark R. Angrick and his mother, Lois. One action was instituted against the United States in the federal court[2] and the other against Carol Wojciechowicz, as Executrix of the estate of Alexander Wojciechowicz and Alexander Leasing, LLC in the local court.[3] Both these cases were settled with the respective defendants. The suit against the pilot's estate and aircraft owner was settled for $875,000 and the pertinent release finalized on March 10, 2005.

---

[1] *See*, <u>Carol Wojciechowicz v. United States of America</u>, Civ. No. 04-1856 (RLA) (wrongful death action for the deaths of Alexander and Katherine Wojciechowicz) and <u>U.S. Specialty Ins. Co. v. United States of America</u>, Civ. No. 04-2342 (RLA) (aircraft insurer indemnity claim).

[2] *See*, <u>Roger L. Angrick v. United States of America</u>, Civ. No. 04-3595(WHW) (D.N.J. Newark Div.)

[3] *See*, <u>Angela L. Angrick v. Carol Wojciechowitcz</u>, MER-L-3284-03 (Super. Ct. of N.J. Mercer County).

**CIVIL NO. 04-1846 (RLA)**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**                                        **Page 4**

The United States settled Angrick's complaint in the amount of $70,000.00 and settlement was finalized on March 11, 2005.

## CHOICE OF LAW

The United States argues that New Jersey law applies to the controversy in this case and that plaintiffs have no right to contribution under either the New Jersey or Puerto Rico pertinent provisions.

The United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued. *See*, United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); Bolduc v. United States, 402 F.3d 50, 55 (1st Cir. 2005) (United States immune except to extent it waives its immunity); Day v. Massachusetts Air Nat'l Guard, 167 F.3d 678, 681 (1st Cir. 1999) ("[a]s sovereign, the United States may not be sued for damages without its consent.")

The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States "in the same manner and to the same extent as a private individual under like circumstances." *See*, Sosa v. Alvarez-Machain, 542 U.S. 692, 700, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2005) (FTCA designed to remove immunity from torts similar to private individuals); Santoni v. Potter, 369 F.3d 594, 602 ("[FTCA] provides a limited congressional waiver of the sovereign immunity of

**CIVIL NO. 04-1846 (RLA)**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**                                                         **Page 5**

the United States for torts committed by federal employees acting within the scope of their employment [similar to private parties in similar circumstances]").

Specifically, 28 U.S.C. § 1346(b)(1) provides exclusive jurisdiction to federal courts for damages caused by Government employees "while acting within the scope of [their]... employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

"The 'law of the place' provides the substantive rules to be used in deciding FTCA actions... The phrase 'law of the place' refers to the law of the state in which the allegedly tortious acts or omissions occurred." Bolduc, 402 F.3d at 56. "Liability under the Federal Tort Claims Act is determined in accordance with the law of the place where the act or omission occurred." Scanlon v. Dep't of the Army, 277 F.3d 598, 600 (1st Cir. 2002). *See, i.e.*, Santoni, 369 F.3d at 603 ("Because the alleged tortious conduct took place in Maine, we look to Maine tort law in determining the defendant's liability under the FTCA.")

The FTCA's reference to the "'law of the place' encompasses choice-of-law principles." Rodriguez v. United States, 54 F.3d 41, 44 (1st Cir. 1995). "Choice of law in Federal Tort Claims actions is governed by the conflicts principles of the jurisdiction where the tortious act occurred." Bonn v. Puerto Rico Int'l Airlines, Inc., 518

F.2d 89, 91 (1st Cir. 1975). In Bonn, the court found "the conflicts of law of Puerto Rico [was] controlling" in an action also arising from an airplane crash in the El Yunque mountain range. *Id.*

"The first step in a choice of law analysis is to determine whether an actual conflict exists between the substantive laws of the interested jurisdictions". Reicher v. Berkshire Life Ins. Co. of America, 360 F.3d 1, 4 (1st Cir. 2004); New Ponce Shopping Ctr., S.E. v. Integrand Assur. Co., 86 F.3d 265, 267 (1st Cir. 1996).

Puerto Rico has adopted the "dominant or significant" contacts test for both contract and tort suits. New Ponce Shopping Ctr., 86 F.3d at 267. *See also*, Servicios Comerciales Andinos, S.A. v. Gen. Elec. del Caribe, Inc., 145 F.3d 463, 479-80 (1st Cir. 1998); Allstate Ins. Co. v. Occidental Int'l, 140 F.3d 1, 4 (1st Cir. 1998).

### Puerto Rico

In Puerto Rico, joint tortfeasors are jointly and severally liable to a claimant for the entire sum of the damages caused by them. Ramos-Acosta v. Caparra Dairy, Inc., 116 D.P.R. 60 (1995). The right to contribution, known as "nivelacion" is allowed as between joint torfeasors whereby the one who has paid in excess of his percentage of liability may demand the corresponding proportional shares from the others. Szendrey v. Hospicare, Inc., 158 D.P.R. 648 (2003); Soc. de Gananciales v. Soc. de Gananciales, 109 D.P.R. 279 (1979). *See also*, art. 1098 of the Puerto Rico Civil Code, P.R. Laws

**CIVIL NO. 04-1846 (RLA)**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**                                                                    **Page 7**

Ann. tit. 31, § 3109 (1990).[4] The basic purpose of the right to "nivelacion" is to avoid unjust enrichment. Szendrey.

The right to "nivelacion" accrues when a joint tortfeasor pays more than his proportional share of liability and there is no requirement that the joint tortfeasors be impleaded as third-party defendants, Szendrey, or that a cross-claim for contribution be asserted in the suit filed by an injured claimant. Ramos-Acosta. Contribution may be asserted by way of a separate suit after payment to claimant has been effected. Soc. de Gananciales. "In short, the joint codebtor who, having paid more than his share based on the internal relationship between joint codebtors, has a right to bring an action of ["nivelacion"] [and] may do so either through an independent suit or within the same suit where judgment was entered determining the solidarity of the obligation." *Id.*, 9 P.R. Offic. Trans. at 374.

Further, the release by plaintiff as to a particular joint tortfeasor may or may not release the others depending on the plaintiff's intention. Szendrey.

"Pursuant to Puerto Rico law, two or more individuals whose combined negligence causes plaintiff's injuries can be held jointly

---

[4] Sec. 3109 reads:

> The payment made by any of the joint debtors extinguishes the obligation.
> The person who made the payment can only claim from his codebtors the shares pertaining to each one with interest on the amounts advanced.

**CIVIL NO. 04-1846 (RLA)**  **Page 8**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

and severally liable as joint tortfeasors for plaintiff's damages. If judgment is entered for plaintiff to have and recover from defendants, jointly and severally, plaintiff may recover the full amount from one of the joint tortfeasors in execution of the judgment. Then, the paying tortfeasor has a right of contribution against the other joint tortfeasor, to recover a portion of the judgment." <u>Lopez de Robinson v. United States of America</u>, 162 F.R.D. 256, 259 (D.P.R. 1995) (internal citations omitted).

Puerto Rico authorizes the use of separate legal actions for a joint tortfeasor to recover payment from others whose acts or omissions caused the damages to a third party. We see no legal impediment under Puerto Rico law for plaintiffs herein to seek contribution from the United States for the monies paid by them as settlement in the New Jersey proceedings in excess of their proportionate shares of liability.

### New Jersey

The New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A-53A-3 provides:

> Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint torfeasors, and the person so suffering injury or damage recovers a **money judgment or judgments** for such injury or damage against one or more of the joint torfeasors, either in one action or in separate actions, and any one of the

**CIVIL NO. 04-1846 (RLA)** **Page 9**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

> joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint torfeasors for the excess so paid over his pro rata share; but no person shall be entitled to recover contribution under this act from any person entitled to be indemnified by him in respect to the liability for which the contribution is sought.

(Emphasis ours).

The New Jersey contribution statute "conditions the right to contribution upon payment in whole or in part of a *judgment* obtained by the injured party, and not merely upon the discharge of a common liability... [hence, it] does not provide for contribution where the payment is made in fulfillment of a voluntary compromise or settlement of a claim for damages attributed to a joint tortfeasor." Polidori v. Kordys, Puzio & Di Tomasso, AIA, 217 N.J. Super. 424, 430-31 (1987) (emphasis in original).

Thus, the statute requires that payment be made pursuant to a court-issued judgment in order for the right to contribution to accrue. "The Joint Torfeasors Contribution Act... does not recognize a claim for contribution against a joint tortfeasor unless the plaintiff recovers an actual judgment." Gangemi v. Nat'l Health Lab., Inc., 305 N.J. Super. 97, 103 (1997). However, "a full blown adversary proceeding is not required in order to invoke the contribution law, although some form of judgment is necessary"

**CIVIL NO. 04-1846 (RLA)** **Page 10**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

Gangemi, 305 N.J. Super. at 105. *See also*, Polidori, 217 N.J. Super. at 234 (No need for "a full blown adversary proceeding in order to invoke the contribution law.")

Even though a mere settlement agreement between the parties coupled with a dismissal before the court is not sufficient, the New Jersey Supreme Court has sanctioned the use of the consent judgment mechanism to trigger the right to contribution. "In *Young*, the Supreme Court regarded the trial court's entry of a consent order upon a simple motion to be a formal court proceedings." Gangemi, 305 N.J. Super. at 105. "A simple stipulation of dismissal does not satisfy the judgment requirement of the act, and the settling party may not seek contribution without a final consent judgment." *Id*. at 103 (citation and internal quotation marks omitted).

The New Jersey Supreme Court has ruled that suits for contribution may proceed provided that: (1) a judgment pursuant to formal court proceedings has been rendered and (2) the claims asserted by plaintiff against non-settling joint torfeasors are discharged. "A suit for contribution based on a settlement which has been elevated to the status of a judgment by formal court proceedings, and which discharges the injured party's claim against a non-settling joint torfeasor, comports with the intent of the [Joint Tortfeasors Contribution Law] statutory scheme." Young v. Steinberg, 53 N.J. 252, 254 (1969).

**CIVIL NO. 04-1846 (RLA)**  **Page 11**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

The fact that a particular joint torfeasor was not made a party to the settling action does not bar contribution if indeed the claim against it is subsequently discharged. "We believe it elevates form over substance to forbid the right to contribution simply because a plaintiff chooses not to sue certain parties who may nonetheless be responsible for that plaintiff's injuries... we see no difference between a plaintiff's discharge of a direct claim against a non-settling joint torfeasor and... a legal discharge by virtue of the operation of the statute of limitations where no direct claim was made by plaintiff against a potentially responsible party... [Contribution plaintiff] should not be precluded from its right to contribution simply because plaintiff did not discharge claims which are nevertheless legally barred... the right to contribution among joint torfeasors does not depend upon whether the injured plaintiff has instituted suit against all of the torfeasors who may be responsible." Gangemi, 305 N.J. Super. at 106.

On May 27, 2005 the New Jersey Superior Court entered judgment dismissing the wrongful death and survivor suit filed by the respective estates of Lois and Mark Angrick against Carol Wojciechowicz as Executrix of the Estate of Alexander Wojciechowicz and Alexander Leasing, LLC. The fact that the judgment was issued pursuant to a joint motion filed by the parties to the action is of no moment in this case. This was not a situation of a mere voluntary dismissal request. The judgment incorporated the terms of the

**CIVIL NO. 04-1846 (RLA)**  **Page 12**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

parties' agreement, i.e., payment of the sum of $875,000.00, thus "elevat[ing it] to the status of a judgment by formal court proceedings." Young, 53 N.J. at 254.

Further, the fact that in their March 10, 2005 release plaintiffs preserved their claims against the United States is equally immaterial to the contribution right. Not only was the United States not a party to the suit filed against the Wojciechowicz estate and Alexander Leasing, LLC but more importantly, the claims against the Government asserted in the federal court were released on March 11, 2005 and the pertinent Stipulation for Compromise Settlement approved by the attorney for the United States on March 15, 2005.

Based on the foregoing, we find that the requirements set forth in Young have been essentially complied with in this case. A consent judgment was issued by the New Jersey state court incorporating the terms of the parties' settlement agreement and the claims against the United States, as joint tortfeasor, have been dismissed. Accordingly, under New Jersey law plaintiffs in this suit are entitled to prosecute their contribution claims against the United States for the monies paid to the estates of Lois and Roger Angrick in accordance with the Judgment issued in that forum.

## CONCLUSION

Based on the foregoing, we find that no conflict exists between the two jurisdictions and thus, no choice of law analysis is warranted on the contribution issue.

**CIVIL NO. 04-1846 (RLA)**  **Page 13**
**CIVIL NO. 04-1856 (RLA)**
**CIVIL NO. 04-2342 (RLA)**

Accordingly, the Motion of Defendant United States of America to Dismiss for Lack of Subject Matter Jurisdiction (docket No. **21**) is **DENIED**.[5]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of February, 2007.

                                        S/Raymond L. Acosta
                                        RAYMOND L. ACOSTA
                                  United States District Judge

---

[5] *See*, Opposition (docket No. **25)** and Reply, (docket No. **28**).